May 29, 2012

The Honorable Joe Warner Bell
Trinity County Attorney
Post Office Box 979
Groveton, Texas   75845-0979

Opinion No.  GA-0938

Re:  Whether a commissioners court may permit a constable of one precinct to provide the services authorized by section 351.061, Local Government Code, in a different precinct   (RQ-1020-GA)

Dear Mr. Bell:

You ask two questions about a plan to allow the Trinity County Precinct 1 Constable to provide law enforcement services to a property owners association ("POA") in Precinct 2.[1]  Under that plan, a POA would pay Trinity County a fee of $20 per hour for these services, and the County would later pay the Constable part of this fee "as an hourly wage."  Request Letter at 2.

Your first question is whether the Precinct 1 Constable may provide law enforcement services for a fee to a POA in Precinct 2.  *Id.*  We begin our answer by "looking to the plain and common meaning" of statutory text.  *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999).  Section 351.061 of the Local Government Code provides that "the commissioners court of a county may contract with a nongovernmental association for the provision of law enforcement services by the county on a fee basis in the geographical area represented by the association."  TEX. LOC. GOV'T CODE ANN. § 351.061 (West 2005).  A POA is a "nongovernmental association" for purposes of section 351.061.  *See* Tex. Att'y Gen. Op. No. JM-509 (1986).  A "commissioners court may request the sheriff of the county or a county official who has law enforcement authority to provide the services in the geographical area for which the official was elected or appointed."  TEX. LOC. GOV'T CODE ANN. § 351.063 (West 2005).  A constable is a "county official" for purposes of section 351.063.  Tex. Att'y Gen. Op. No. GA-0553 (2007) at 2–3.  The geographical area for which a constable is elected is the constable's precinct.  TEX. CONST. art. V, § 18(a).  Thus, section 351.063 allows a commissioners court to ask a constable to provide law enforcement services for a fee to a POA in the precinct for which the constable was elected.

---

[1]Letter from Honorable Joe Warner Bell, Trinity Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 23, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

A commissioners court would be allowed to ask a constable to perform those services in a precinct for which the constable was *not* elected only if a Texas statute expressly or impliedly granted a commissioners court the authority to do so. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27–28 (Tex. 2003). Section 351.063 does not expressly grant a commissioners court authority to ask a constable to perform law enforcement services for a fee in a precinct for which the constable was not elected. TEX. LOC. GOV'T CODE ANN. § 351.063 (West 2005). Nor does section 351.063 impliedly grant a commissioners court authority to ask a constable to do so. That is because a commissioners court could ask a constable to perform law enforcement services for a fee to a POA in the precinct for which the constable was elected without needing to be able to ask a constable to perform those services in a precinct for which the constable was not elected. *See City of Boerne*, 111 S.W.3d at 28 (explaining that commissioners courts have implied authority to do what must be done in order to be able to exercise expressly-granted authority). Thus, section 351.063 does not grant a commissioners court authority to ask a constable to perform law enforcement services for a fee to a POA in a precinct for which the constable was not elected. We neither found nor received briefing purporting to find a law that would authorize a constable to perform those services without being asked to do so by a commissioners court. Therefore, a constable may not perform law enforcement services for a fee to a POA in a precinct for which the constable was not elected.

Your second question is "how are the funds to be disbursed; i.e. used to defray the budgeted expenses of the Constable's Department or be paid over [to] the Constable or the 'unpaid' deputies as wages?" Request Letter at 2. Such funds would be derived from fees paid to a constable for performing law enforcement services to a POA in a precinct for which the constable was not elected. *Id.* at 1–2. In our answer to your first question, we opined that a constable may not perform those services. Therefore, our answer to your first question obviates an answer to your second question.

## S U M M A R Y

Under section 351.061 of the Local Government Code, a constable may not provide law enforcement services for a fee to a private property owners association outside the precinct for which the constable was elected.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee